IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 15-22470-CMB |
| | ) | |
| **REGINALD ANDREW FRASER,** | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **REGINALD ANDREW FRASER,** | ) | Adv. Proc. No.: 18-02143-CMB |
| | ) | |
| Plaintiff, | ) | Related to Doc. Nos. 16, 24, 28 |
| | ) | |
| v. | ) | |
| | ) | |
| **CITIMORTGAGE, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

*Appearances*:  Shawn N. Wright for Plaintiff/Debtor, Reginald Andrew Fraser
Jodi L. Hause for Defendant, CitiMortgage, Inc.

## MEMORANDUM OPINION

The matter before the Court is the *Motion to Dismiss Adversary Proceeding* at Doc. No. 24 ("Motion to Dismiss") filed by Defendant CitiMortgage, Inc. ("CitiMortgage"). The Motion to Dismiss argues that Debtor/Plaintiff's *Amended Complaint to Determine Value of Security and Creditor's Allowed Secured Claim Pursuant to Section 506 of the Bankruptcy Code* at Doc. No. 16 ("the Amended Complaint") should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012.[1]  For the reasons set forth herein, this Court finds that the Amended Complaint should be dismissed.

---

[1] Pursuant to 28 U.S.C. §§ 1334 and 157 this Court has subject matter jurisdiction over this proceeding. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

Standard

When faced with a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the court must determine if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Accordingly, the well-pleaded facts are separated from legal conclusions to determine if the alleged facts demonstrate an entitlement to relief. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

For the purpose of deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir. 1997).[2]

Background

Debtor/Plaintiff Reginald Andrew Fraser ("Debtor") commenced the present adversary proceeding on August 8, 2018 and filed the Amended Complaint on November 2, 2018. Debtor's Amended Complaint concerns the claim of CitiMortgage, which is secured against real property of the Debtor located at 6 Sherman Lane, Sicklerville, New Jersey 08081 (the "subject property").

---

[2] This Court takes judicial notice of the docket in Debtor's lead bankruptcy case, Case No. 15-22470. *See Meyer v. Wells Fargo Bank, N.A. (In re Meyer)*, 1-17-ap-00138-RNO, 2018 Bankr. LEXIS 1041 (Bankr. M.D. Pa. April 4, 2018) (holding that, in deciding a motion to dismiss, the Court may take judicial notice of the contents of bankruptcy schedules, the underlying Chapter 13 case, and facts not reasonably in dispute).

Although the Amended Complaint is notedly lacking in factual allegations, it does contain (1) the value of the subject property and (2) the amount of CitiMortgage's claim. As stated by the Amended Complaint and the appraisal attached to the Amended Complaint as an Exhibit, the value of the subject property *as of the petition date* was $216,000. The Amended Complaint also states that CitiMortgage filed a proof of claim in the amount of $294,000. Said proof of claim was filed as Claim No. 1 on July 27, 2015. The Debtor initially valued the subject property at $240,000 on Debtor's Schedule A, and listed $54,000 as the "unsecured portion" of CitiMortgage's $294,000 claim on Schedule D. The Amended Complaint seeks to limit the secured claim of CitiMortgage to $216,000 with the balance of the $294,000 claim to be allowable as an unsecured claim pursuant to 11 U.S.C. § 506(a). The Amended Complaint also seeks to modify CitiMortgage's claim under 11 U.S.C. § 502(j).

The relief sought in Debtor's Amended Complaint is at odds with the Debtor's confirmed Chapter 13 plan. Debtor's plan provided for payment of CitiMortgage's claim in full, including payment of pre-petition arrears in the amount of $3,750. There was no language in the plan indicating an objection to the underlying claim of CitiMortgage.[3] On January 23, 2017, an Order confirming Debtor's Chapter 13 plan, as modified, and setting certain deadlines was entered at Doc. No. 33 (the "Confirmation Order"). The Confirmation Order provided, in part, that "[t]he claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: CitiMortgage, Inc. at Claim No. 1."[4] Pursuant to the Confirmation Order, "all actions to determine the priority,

---

[3] As to the Debtor's other real estate, the plan does propose to avoid or limit the "Citimortgage [sic], second mortgage on 17060 NW 11th Street Pembroke Pines, FL 33028 property." However, this reference to CitiMortgage is erroneous, as *Citibank* is the holder of the second mortgage on the Florida property, not *CitiMortgage*. Citibank is an affiliate of CitiMortgage, Inc.

[4] The Confirmation Order also provides that "Debtor shall immediately pursue the claims dispute as to Claim No. 1 of Citimortgage, Inc." However, this reference is erroneous, as it should have read 'Citibank,' not 'CitiMortgage,' as

3

avoidability, or extent of liens, all actions pursuant to 11 U.S.C. §§ 506, 507, and 522" were to be filed within ninety (90) days of the claims bar date.

Additionally, the following deadline for objections to claims was established by the Confirmation Order:

> "Pursuant to W.PA.LBR 3021–1(c)(2), the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely."

The claims bar date for all non-government proofs of claim was November 16, 2015. *See* "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines," Case No. 15-22470, Doc. No. 10. Therefore, all actions pursuant to 11 U.S.C. § 506 and any objections to claims were to be filed by Monday, February 15, 2016. No objections or adversary proceedings were filed as part of the confirmation process.

## Analysis

With the foregoing facts in mind, this Court turns to whether the Debtor can obtain the relief sought or whether Debtor failed to state a claim on which relief can be granted. CitiMortgage raises five arguments as to why the Amended Complaint should be dismissed: (1) pursuant to 11 U.S.C. § 1327(a), the entry of the Confirmation Order is res judicata as to all issues decided or which could have been decided prior to confirmation; (2) the deadline to commence an adversary proceeding has passed; (3) the Debtor is prohibited from modifying the confirmed plan after confirmation pursuant to 11 U.S.C. § 1329; (4) the Debtor is judicially estopped from seeking a determination of secured status; and (5) the Debtor is equitably

---

discussed *supra* n.3. Even if this reference to CitiMortgage was correct, the Debtor was to address the claims dispute "immediately" and within the time limits set out in the remainder of the Confirmation Order.

4

estopped from seeking a determination of secured status. For the reasons set forth below, this Court finds that (1) the entry of the Confirmation Order is res judicata as to the current adversary proceeding; (2) the deadline for commencing an adversary proceeding has expired; and (3) the debtor has failed to meet his burden to show that the confirmed plan may be modified pursuant to 11 U.S.C. § 1329. This Court therefore does not address CitiMortgage's arguments regarding judicial or equitable estoppel.

I. Res Judicata Effect of Confirmation Pursuant to 11 U.S.C. § 1327(a)

Section 1327(a) of the Bankruptcy Code provides that "the provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the Plan." The Third Circuit has repeatedly held that a confirmation order is res judicata as to all issues decided or which could have been decided at the hearing on confirmation, pursuant to § 1327. *See In re Szostek*, 886 F.2d 1405, 1408 (3d Cir. 1989); *Zardinovsky v. Arctic Glacier Income Fund (In re Arctic Glacier Int'l, Inc.)*, 901 F.3d 162, 166 (3d Cir. 2018); and *Donaldson v. Bernstein*, 104 F.3d 547, 554 (3d Cir. 1997).

In addition, this Court has previously ruled that a confirmed plan is binding on debtors and all creditors and therefore bars a § 506(a) action in *Wilson v. DaimlerChrysler Fin. Servs. Ams., LLC, (In re Wilson)*, 409 B.R. 72 (Bankr. W.D. Pa. 2009). In *Wilson,* the debtor commenced a § 506(a) adversary complaint to determine the allowable secured claim of a creditor secured against the debtor's vehicle. The debtor had not previously objected to the allowed secured claim of the creditor, and in fact the confirmed plan proposed to pay the claim at full face value. *Id*. at 78. The Court in *Wilson* found that the confirmed plan had a res judicata effect as to the adversary proceeding because the plan set the value of the property by promising

to pay the claim in full, and no other action was taken by the debtor within the deadlines imposed in the confirmed plan. *Id*.

In the present case, the treatment of CitiMortgage's claim is controlled by the confirmed Chapter 13 plan. No objection, motion, or adversary proceeding regarding CitiMortgage's secured claim was commenced prior to plan confirmation, as part of the plan confirmation process, or within the time established by the plan and Confirmation Order. The confirmed plan provided that the claim of CitiMortgage would govern unless a timely objection was raised or a timely complaint was filed. The deadline for commencing a § 506 complaint or raising any objections to claims was ninety days from the claims bar date, as set in the confirmed plan. No adversary case or objection was filed within the time allotted, and therefore the Confirmation Order is a final judgment as to the treatment of CitiMortgage's claim. The present adversary proceeding was not commenced until August 8, 2018, more than eighteen months after the entry of the Confirmation Order.

Debtor argues that he could not have commenced the adversary proceeding as part of the confirmation process because the claim is based on post-confirmation activity. *See* Response in Opposition to Motion to Dismiss, Doc. No. 28 at 3 (stating that the adversary proceeding is "predicated on the loss of value on the Subject Property during the years following confirmation"). However, Debtor's complaint fails to include any facts to indicate that the "devaluation" occurred post-confirmation.[5] In fact, it appears from the Complaint and the record

---

[5] *See* Complaint at 2, ¶ 5 ("Plaintiff believes and avers that he was unaware of the decline in home values in the Sicklerville New Jersey area in light of the fact that he had been living in Pennsylvania at the time **of the petition filing.**") (emphasis added). In addition, the Appraisal attached to the Amended Complaint appraises the value of the subject property as of July 7, 2015, the petition date.

6

that the property was "devalued" as of the petition date. In either event, this Court is limited to the facts as set forth in the Complaint, and not as altered by Debtor's Response in Opposition.[6]

Debtor cites to *Donaldson v. Bernstein*, 104 F.3d 547 (3d Cir. 1997) in support of his position that the Confirmation Order is not res judicata as to the present adversary proceeding. *Donaldson* held that claims that "arise from and after confirmation are not barred by the event of confirmation from asserting such claims, except to the extent that they arise from pre-confirmation acts." *Id.* at 555 (citations and internal quotations omitted). "Whether a claim could have been brought in a bankruptcy confirmation proceeding depends on whether the claim is based on pre-confirmation or post-confirmation acts." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 205 (3d Cir. 1999). The Third Circuit has held that a "claim accrue[s] when [the plaintiff] knew or had reason to know of the injury that constitutes the basis of [an] action." *Johnson v. Coleman*, No. 11-1376, 2012 U.S. Dist. LEXIS 120565 (W.D. Pa. June 21, 2012) (citations omitted).

It is clear from the face of the Amended Complaint and the underlying bankruptcy case that Debtor could have brought a § 506(a) adversary pre-confirmation: according to Debtor's own schedules, CitiMortgage's claim was undersecured by over $50,000. Debtor has not alleged any facts to differentiate the claim he could have brought pre-confirmation from the claim he now brings post-confirmation. Debtor's counsel indicated during oral argument on February 26, 2019 that there has been no change in circumstances that would have affected the value of the

---

[6] *See Pennsylvania ex rel. Zimmerman v. Pepsico, Inc*., 836 F.2d 173, 181 (3d Cir. 1988) ("It is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint . . . In a Rule 12(b)(6) motion . . . the district court should look only to the complaint's averments . . . Thus, in the case at bar, the legal theories set forth in [Plaintiff's] brief are helpful only to the extent that they find support in the allegations set forth in the complaint. 'It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'") (citing *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1107 (7th Cir. 1984)).

property post-confirmation. Further, Debtor's Amended Complaint alleges no facts to indicate that the "devaluation" actually occurred post-confirmation. It appears from the Amended Complaint, even when read in the light most favorable to the Plaintiff, that the extent of the decrease in value existed as of the petition date but the Plaintiff was unaware of it until recently.

As of the petition date, the Debtor knew CitiMortgage was undersecured, as evidenced by the Debtor's own schedules, which stated that CitiMortgage was undersecured by $54,000.00. *See* Debtor's Schedule D. The Court considers not only what the Debtor knew, but what the Debtor should have known. Debtor attached to his complaint an appraisal valuing the subject property at $216,000 as of the petition date. Although this appraisal was obtained post-confirmation, it was well within the Debtor's power to discover the value of the subject property as of the petition date. The Debtor's Amended Complaint alleges he was "unaware of the decline in home values in the Sicklerville New Jersey area in light of the fact that he had been living in Pennsylvania at the time of the petition filing;" however, even assuming this is true, it is the Debtor's duty to value his property regardless of where it is located. The Debtor alone has the responsibility of correctly valuing his assets in his petition pursuant to 11 U.S.C. § 521(a)(1)(B)(i). The Debtor's bankruptcy petition was also signed under penalty of perjury. *See* Declaration Concerning Debtor's Schedules.

The Debtor could have brought a § 506(a) complaint against CitiMortgage prior to confirmation but chose not to do so. It appears the Debtor now seeks to commence a § 506(a) complaint because the value of the subject property was even lower than previously thought, but the relevant test is when the claim accrued, not when the Plaintiff determines that the claim has grown substantial enough to commence an action.

It is apparent from the face of the complaint, the Debtor's appraisal, and the filed schedules that the Debtor had the ability to commence a § 506(a) proceeding against CitiMortgage as of the petition date. Therefore, the present § 506(a) proceeding could have been brought prior to plan confirmation, and so the Confirmation Order is res judicata as to this proceeding.

II.     Reconsideration of Claims Under § 502(j)

Notwithstanding the res judicata effect of a confirmed plan, allowed claims can be reconsidered for cause pursuant to § 502(j) if the equities of the case so warrant. *Wilson*, 409 B.R. at 77. Section 502(j) provides, in part, that "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." As this Court previously stated in *Coastal Credit, L.L.C. v. Mellors (In re Mellors)*, 372 B.R. 763, 775 (Bankr. W.D. Pa. 2007), neither the Bankruptcy Code nor the Bankruptcy Rules define "cause" for reconsideration of a claim under § 502(j). However, as the *Mellors* court pointed out, for the Debtor to obtain relief under § 502(j), the debtor must proceed in good faith. *Id*. at 777.

The *Mellors* court itself held that cause to reconsider the secured claim was present where it found that the damage to debtors' vehicle "was unanticipated and remained undiscovered until after confirmation of the Debtors' Chapter 13 Plan – even though the vehicle had been previously inspected." *Id*. at 776. There is no time limit to seek reconsideration of a claim pursuant to § 502(j). *See Chase Manhattan Auto Fin. Corp. v. Presco (In re Presco)*, No. 08-20390-JAD, 2009 Bankr. LEXIS 5542, at *9 (Bankr. W.D.Pa. March 16, 2009). However, the

*Mellors* court considered the fact that the debtors "promptly filed their amended Plan to correct the situation." *Mellors*, 372 B.R. at 776.

In the present case, the Debtor's "cause" for reconsideration was entirely within the Debtor's knowledge and control at the time of confirmation *and also* as of the petition date. Regardless of when the Debtor *actually* discovered that CitiMortgage's claim was undersecured, the discovery could have (and should have) been made as of the petition date. This is evidenced by the fact that the Debtor's appraisal lists a valuation of $216,000 *as of* the petition date, and the fact that the Debtor's own schedules list CitiMortgage as undersecured. Debtor contends that he was "unaware of the decline in home values in the Sicklerville New Jersey area in light of the fact that he had been living in Pennsylvania at the time of the petition filing." *See* Amended Complaint at 2, ¶ 5. However, it is the Debtor's duty to file accurate schedules and value his assets correctly. Debtor completed the schedules, as is his responsibility under 11 U.S.C. § 521(a)(1)(B)(i), which were signed under penalty of perjury. There is no evidence or allegation of a sudden post-confirmation change in circumstances, such as destruction or damage to the property. Additionally, no allegation as to the extent or cause of the "devaluation" has been alleged in the bare-bones complaint; Debtor has not proffered any statement as to the post-confirmation value of the property. It appears then, from the face of the complaint, that the post-confirmation value of the property is the same as the value as of the petition date.

The equities of the case also support disallowing reconsideration. Debtor commenced this adversary proceeding eighteen months after confirmation and nearly three years into the case when the cause of action had accrued as of the petition date. To allow reconsideration of the claim now, without adequate cause, would be to reward the Debtor for a lack of due diligence at CitiMortgage's expense.

Therefore, Debtor has not met his burden of showing adequate "cause" for reconsideration. No new facts have come to fruition post-confirmation: the Debtor alleges a general "devaluation," but without additional facts this allegation is not sufficient for the Debtor to meet his burden for reconsideration under § 502(j).

### III.     Modification of the Plan Under 11 U.S.C. § 1329

CitiMortgage argues that § 1329(a) does not allow a debtor to reclassify an allowed secured claim, and cites to *In re Cruz*, 253 B.R. 638, 641 (Bankr. D.N.J. 2000) in support of its argument. *See* Brief in Support of Motion to Dismiss, Doc. No. 25, at 10. Although several cases in the Third Circuit have criticized the holding in *Cruz*, this Court need not determine whether *Cruz* is applicable here, because *even if* modification of the plan under § 1329 *was* allowed under the present facts, the Debtor does not plead sufficient facts to entitle him to such relief.

This Court has ruled that "a modification of a confirmed plan under § 1329(a) must be based upon a change in circumstances that is substantial, material or unanticipated at the time of the initial confirmation." *Wilson*, 409 B.R. at 78 (citing *In re Mellors*, 372 B.R. 763, 770–71). Debtor pleads no facts regarding the amount of the post-confirmation "devaluation" of the subject property. Nor does Debtor plead any post-confirmation change in circumstances that caused the "devaluation" such as fire, destruction, etc. Stating that a general "devaluation" of the property has occurred, without more, is insufficient to prove a "substantial or material" change in circumstances. Additionally, given that Debtor knew or should have known about the diminished value of the property pre-confirmation, such a devaluation likely would not have been "unanticipated."

<u>Conclusion</u>

Based on the foregoing, the relief sought by the Defendant's Motion to Dismiss is granted. The Confirmation Order is res judicata as to any action under 11 U.S.C. § 506(a) which could have been decided at the time of confirmation. The Debtor's § 506(a) claim accrued pre-confirmation and was not brought timely, and therefore the confirmed Chapter 13 Plan controls. Additionally, Debtor has not shown "cause" why CitiMortgage's claim should be reconsidered, nor do the equities of the case favor reconsideration of said claim. Lastly, Debtor has plead no facts to show a substantial, material or unanticipated change in circumstances that would allow him to modify the plan pursuant to § 1329. An Order will be entered consistent with this Memorandum Opinion.

Date:  April 26, 2019

/s/ Carlota M. Böhm
Carlota M. Böhm
Chief United States Bankruptcy Judge

MAIL TO:
Ronda J. Winnecour, Esq.
Shawn Wright, Esq.
Jodi Hause, Esq.

FILED
4/26/19 9:06 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA